# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## JAMES P. HYDE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hamblen County**
**No. 99CR035    James E. Beckner, Judge**

---

### No. E2004-02177-CCA-R3-PC

---

The pro se petitioner, James P. Hyde, appeals from the trial court's order denying the petitioner's motion to reopen his post-conviction petition. The states moves the court to affirm the judgment of the trial court pursuant to Rule 20 of this court's rules. The motion was properly denied for lack of merit. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, J.J., joined.

James P. Hyde, Mountain City, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; C. Berkely Bell, Jr., District Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1993, the petitioner was convicted by a Hamblen County jury for rape of a child. The jury imposed a fine of fifty thousand dollars, and the trial court sentenced the appellant to twenty-five years incarceration in the Tennessee Department of Correction. On appeal, the judgment of the trial court was affirmed. See James Perry Hyde v. State, No. 03C01-9401-CR-00010 (Tenn. Crim. App. Jul. 31, 1996), app. denied (Tenn. Mar. 2, 1988). In February 1999, the petitioner sought post-conviction relief claiming ineffective assistance of counsel at trial. The trial court denied relief and this court affirmed on appeal. See State v. James Perry Hyde, No. E2000-00806-CCA-R3-PC (Tenn. Crim. App. Mar. 22, 2001), app. denied (Tenn. Jul. 2, 2001).

On August 18, 2004, the petitioner filed a motion to reopen his post-conviction petition. See Tenn. Code Ann. § 40-30-117(c); see also Tenn. Sup. Ct. R. 28 § 10(b). He alleged that his sentence was enhanced by the trial court beyond the statutory maximum in violation of the

holdings in <u>Apprendi v. New Jersey</u>, 530 U. S. 466, 120 S.Ct. 2348 (2000), and <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004), and that <u>Blakely</u> established a new rule of law that was retrospectively applicable to his case and entitled him to reopen his post-conviction proceedings. <u>See</u> Tenn. Code Ann. § 40-30-117(a)(1). On August 19, 2004, the trial court dismissed the petition finding that "Apprendi does not apply to this aspect of Tennessee sentencing law and the opinion in Blakely is not to be applied retroactively." On September 8, 2004, the petitioner filed a "notice of appeal" from the order of denial. Upon the filing of the petitioner's brief, the state responded with the instant motion for summary affirmance.

Pursuant to Tennessee Code Annotated Section 40-30-117(c), upon the denial of a motion to reopen a post-conviction proceeding, "the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." In this case, the notice of appeal, even if construed as an "application" under the cited statute, is untimely filed. Moreover, if the motion to reopen is considered on its merits, the petitioner has failed to establish that he is entitled to relief. The petitioner's reliance on <u>Blakely</u> avails him nothing. In <u>State v. Gomez and Londono</u>, No. M2002-01209-SC-R11-CD, 2005 Tenn. LEXIS 350, * 39, 41 (Tenn. Apr. 15, 2005), <u>reh'g denied,</u> (Tenn. May 18, 2005), the Tennessee Supreme Court held that <u>Blakely</u> did not establish a new rule of law. The court thus noted that the filing of a motion to reopen based on <u>Blakely</u> "would be a futile endeavor." <u>Id</u>. at *45, n. 16.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the trial court properly dismissed the petitioner's motion to reopen his post-conviction petition for lack of merit. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JUDGE JOSEPH M. TIPTON